IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DARYLE WALKER, et al, § <br> Plaintiffs, § <br> § <br> v. § <br> § CIVIL NO. 1:17-CV-00235-ADA-JCM <br> § <br> BRENT STROMAN, et al, § <br> Defendants. § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
        UNITED STATES DISTRICT COURT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiffs' Motion for Entry of Final Judgment against McLennan County and the City of Waco (ECF No. 107) and the attendant responses and reply thereto. For the following reasons, the undersigned **RECOMMENDS** Plaintiffs' Motion be **DENIED**.

Plaintiffs sued Defendants Brent Stroman, Manuel Chavez, Abelino "Abel" Reyna, Robert Lanning, Jeffrey Rogers, Patrick Swanton, Steven Schwartz, and Christopher Frost in their individual capacities under 42 U.S.C. § 1983 for alleged violations of their constitutional rights for arresting them without probable cause. Pls.' 3d Am. Compl. (ECF No. 44) at 2. Plaintiffs also sued the City of Waco and McLennan County under Monell for these same alleged violations. *Id.* This Court dismissed Plaintiffs' claims against McLennan County and the City of Waco. ECF No. 105; ECF No. 63. Plaintiffs subsequently filed their Motion for Entry of

1

Final Judgment against the City of Waco and McLennan County.

## I.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), when an action presents more than one claim for relief or multiple parties are involved, a court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties. Fed R. Civ. P. 54(b). To do so, the court must expressly determine that there is no just reason for delay. *Id.* Courts should not grant Rule 54(b) certification as a matter of course. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 5 (1980). Rather, certification should be reserved for the infrequent harsh case because of the overload in appellate courts which would otherwise result from interlocutory appeals. *Id.* The court has "sound judicial discretion" to determine where just reasons to delay exist and must consider judicial administrative interests as well as the equities involved when deciding such. *Id.* at 8. This determination assures that the Rule effectively "preserves the historical federal policy against piecemeal appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

When making this determination, courts must first determine whether the judgment being sought is final. *Curtiss-Wright*, 446 U.S. at 7. Then, courts should consider whether the claims under review were separable from the others remaining to be adjudicated and whether an appellate court would have to decide the same issues more than once if there were subsequent appeals. *Id.* at 8. Courts in the Fifth Circuit frequently employ a five-factor test to determine whether claims are severable. *Cnty. of Travis v. Pursue Pharma, LLP*, No. 1:18-CV-254-RP, 2018 WL 1518848. (W.D. Texas Mar. 28, 2018). These include (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different

witnesses and documentary proof are required for the separate claims. *Id.*

## II.   ANALYSIS

The first two factors considered by Courts in the Western District of Texas favor denying Plaintiffs Motion. The claims against all defendants arise out of the same occurrence. *See* Pls.' Compl. The claims also present common questions of law or fact. Plaintiffs acknowledge that their claims against the City of Waco arise solely out of the actions of Police Chief Stroman. Pls.' Mot. at 3. The claims against Reyna and McLennan County also each require a finding that Reyna violated the Plaintiffs' Fourteenth Amendment rights by causing them to be arrested without probable cause. Cnty. Defs.' Resp. (ECF No. 109) at 4.

Plaintiffs' claims against the City of Waco arise solely out of the actions of Chief of Police Brent Stroman who was dismissed from the case in his individual capacity. Pls.' Mot. at 3. Plaintiffs argue that this makes claim against City of Waco easily separable from other claims. *Id.* Plaintiffs also argue that Reyna can assert qualified immunity whereas McLennan County cannot do the same, making the claims against them easily separable. *Id.* Reyna and McLennan County, on the other hand, argue that the claims against them are not easily separable because they both require a finding that Reyna violated the Plaintiffs' Fourteenth Amendment rights by causing them to be arrested without probable cause. ECF No. 109 at 4.

The parties dispute whether granting Plaintiffs' motion would facilitate the settlement of claims or judicial economy. Plaintiffs argue that appealing the claims now would not result in the Fifth Circuit deciding the same issues more than once. Pls.' Mot. at 4. Plaintiffs argue that the only questions the Fifth Circuit will be required to consider in an appeal of the Court's dismissal of claims against McLennan County is (1) whether Reyna was the relevant policymaker for McLennan County; and (2) whether Plaintiff adequately stated an alternative liability theory of

ratification for municipal liability. Plaintiffs argue there is no overlap between these issues and the claims against Reyna.

Plaintiffs also argue that judicial economy would be facilitated by ensuring that there is only one trial for these matters rather than having the potential of multiple trials if the Fifth Circuit reverses this Court's decision to dismiss the City and the County. Defendants Frost and Schwartz argue that judicial economy will not be served because it will merely create parallel litigation requiring the appellate court to review underlying facts multiple times. ECF No. 108 at 5–6.

Allowing this case to proceed in the normal course of litigation would serve judicial economy. Staying this case pending a second interlocutory appeal would not serve judicial economy. The Court acknowledges Plaintiffs' concern that "these cases have been going on longer than anyone would reasonably hope." Pls.' Mot. at 4. The Court does not agree, however, that judicial resources are better served by allowing an interlocutor appeal of some of the claims in this case.

Plaintiffs also identify two prejudices that could be avoided by granting their Motion. First, Plaintiffs argue that if this Court does not grant this Motion, neither Stroman nor the City of Waco will participate in discovery. This, Plaintiffs contend, will result in the retaking of all depositions, "essentially returning the parties to 'square one' sometime in 2026." *Id.* at 3. Second, Plaintiffs argue that granting the Motion will prevent multiple trials. The Court notes that these are potential prejudices that depend on their success on appeal and are not unique to this case. These prejudices exist in every case in which some defendants or claims are dismissed while others are not. They do not rise to the level justifying a deviation from the standard course of litigation.

Finally, the Court notes that any prejudice caused to Plaintiffs by the Court's denial of their motion for final judgment against McLennan County are caused primarily by their own unexplained delay in filing this Motion. Plaintiffs' claims against McLennan County were dismissed in 2020, but the present motion was not filed until 2023. Plaintiffs have not explained why they did not file this motion as to McLennan County in 2020 when other motions relating to the pleadings were already on appeal at the Fifth Circuit. Accordingly, none of the factors typically considered by courts in the Western District of Texas favor granting final judgment as to McLennan County and the City of Waco.

### III.   CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that Plaintiffs' Motion for Entry of Final Judgment (ECF No. 107) be **DENIED**.

The parties may wish to file objections to this Report and Recommendation. Plaintiff's filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglas v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 6th day of June 2024.**

**JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE**